UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Criminal No: 24-CR-10158-MJJ
)
DEVIN JAMES MELYCHER, )
)
Defendant. )

GOVERNMENT'S SENTENCING MEMORANDUM

On May 19, 2026, the United States District Court (Joun, J.) accepted the change of plea of Defendant, Devin MELYCHER ("MELYCHER"), to the Indictment alleging three counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c). ECF Nos. 1, 69. The plea was tendered pursuant to a Fed. R. Crim. P. 11(c )(1)(B) plea agreement. ECF No. 68.

MELYCHER faces the following maximum penalties on each of the three counts: a statutory maximum of up to 10 years in prison; a maximum of three years of supervised release; a fine of up to $250,000; a $100 mandatory special assessment; and restitution to the extent charged in the Indictment.

Consistent with the plea agreement, the U.S. Attorney respectfully requests that the Court impose incarceration for 36 months on each count, to be served concurrently with the sentences imposed in the District of Maine dockets, 2:21-CR-169-JAW[1] and 2:22-CR-00119-PJB[2], followed by three years of supervised release, with special conditions for mental-health and

[1] MELYCHER was sentenced in this case on September 15, 2022, to 135 months of incarceration and 120 months of supervised release to follow.

[2] MELYCHER was sentenced in this case on December 27, 2022, to 18 months of incarceration consecutive to 2:21-CR-169-JAW, and 36 months of supervised release to follow.

substance-use treatment, and a mandatory special assessment of $300. The government contends this recommended disposition is sufficient but not greater than necessary under 18 U.S.C. § 3553(a).

**FACTS**

On December 16, 2022, the Judicial Security Unit ("JSU") of the United States Marshals Service ("USMS"), in the District of Massachusetts, was informed by the Clerk of Court for the United States Court of Appeals for the First Circuit, (hereinafter "Victim Employee") about a handwritten letter received by the Court on December 16, 2022, containing inappropriate communications and threats. The December 16, 2022, handwritten letter bore a return address of "Devin Melycher 782691, 40 Pleasant Street, Auburn, Maine 04210", which is known to be the address for the Androscoggin County Jail. The Victim Employee would receive several additional letters with similar threatening content, all with the same return address, all of them sent by MELYCHER. Final Presentence Report ("PSR") dated October 2026 at ¶ 9.

On the dates of the postmarks of these letters, MEYLCHER was in USMS custody at Androscoggin County Jail for case number 2:22-cr-00119 in the United States District Court for the District of Maine for charges related to threatening communications in that District. *Id.* at ¶ 10.

The December 16, 2022, letter, which was postmarked on December 14, 2022, included numerous concerning and threatening statements putting the Victim Employee in fear including:

> "You're a fucking Joke And I very much look forward to the day I walk down your halls of the Courthouse letting off shot after shot into every single person that took part in this and theirs not a single thing you're going to be able to do about it."

On January 3, 2023, another handwritten letter was received, addressed to Victim Employee, which again bore a return address of "Devin Melycher 782691, 40 Pleasant Street,

Auburn, Maine 04210." The six-page handwritten letter was similar to MELYCHER's prior writings, which made threating statements putting the Victim Employee in fear including:

> "You treated me like I murdered a fucking family and trashed the piss out of my fucking life you worthless fucking Nigger and I wont ever fucking stop until I watch you lifeless on the fucking ground bleeding from every hole in your fucking body."
>
> "Youre an awful fucking human being and I wont ever stop hunting you all down. I remember every single person that took part in this. Im going to make sure no one ever remembers your fucking bloodline. I wont stop until that brain dead dementia ridden president has to come to town…".
>
> "So much in fact, that while that waste of life Biden was sitting in the comfort of his office clenching that old lifeless fist of his and wishing he could just "Do something about it" I in fact, was there doing something about it…Faggot waste of life on this earth. Kill yourself old man this world doesn't need you or that stroke face Clinton. All you do is sit there and waste the Justice Departments time on trump all day long. Youre fucking pathetic. Better yet Im going to kill that old waste of life too. Dont forget to add that to my charges Camel toe."
>
> "I wont ever fucking stop hunting you all down until they put a bullet in my head. I cant wait until I walk through your doors and pelt every useless person in sight." "Im going to red room every fucking person in sight until Every fucking person From here to the white house knows my fucking name you fucking useless faggot nigger. Im going to get every drop of blood you fucking owe me."
>
> *Id.* at ¶¶ 11-12.

On January 12, 2023, USMS JSU was informed about another handwritten letter received by the Court, containing inappropriate communications and threats. The January 12, 2023, handwritten letter was four-pages and similar to MELYCHER's prior writings, which made threating statements to the Victim Employee putting her in fear including:

> "You instead instigated the situation and sent my recent letter to the prosecutor of my case. Thankfully, The old cenile judge of the day thought you were an even bigger joke than I do. Which is hard to believe. Instead of giving me even more charges like he should have done…Judge Jon Levy might not think that I deserve more charges but I certainly do."
>
> "Go cry and tell everyone how I'm going to cut your fucking throat open after I'm

done with this sentence. The Boston Bombing isn't going to be anything compared to what happens to your courthouse. I'm going to make sure Justice happens because the right thing needs to happen here. People don't get away with crimes not on my watch. and after I'm done murdering every fucking person and "world renowned" doctor that took part in this that fat fucking court reporter Martell with her triple chin can explain to the media "why on earth the department of Justice could let another darn tragedy happen again to our good people of america instead of defusing a situation like mature fucking adults should have done."

"I'm very much looking forward to the day I fucking hang you."

*Id.* at ¶ 13.

## DISCUSSION

### I. Sentencing Guideline Calculation, Restitution, and Special Assessments

#### A. Applicable Guideline & Adjustments.

The applicable offense guideline for these convictions is USSG § 2A6.1 (Threatening or Harassing Communications), which results in a base offense level of 12. Because the offense involved more than two threats, two levels are added under § 2A6.1(b)(2)(A). Because the victim was a government officer/employee and the offense was motivated by that status, and the Chapter Two guideline is from Part A (Offenses Against the Person), a 6-level increase is warranted under 3A1.2(b) (. This results in an adjusted offense level of 20. The defendant's timely plea warrants a 3-level reduction under§ 3E1.1(a)–(b) which results in a Total Offense Level ("TOL") of 17. PSR at ¶¶ 19-28. The defendant receives six criminal history points which results in a Criminal History Category ("CHC") of III. With a TOL 17 and CHC III, the defendant's advisory Guidelines Sentencing Range is 30–37 months. *Id.* at ¶¶33-37, 65.

#### B. Grouping and Multiple-Count Implementation.

Because the threatening letters were sent to the same identified victim and constitute two or more acts connected by a common criminal objective, Counts 1–3 group under USSG § 3D1.2(b). PSR at ¶18. Under § 5G1.2, because a single count carrying the highest statutory

maximum (10 years) is adequate to achieve the total punishment within 30–37 months, the government contends that the sentences on all counts should run concurrently.

**C. Statutory Framework & Class.**

Title 18 Section 876(c) provides a ten-year maximum per count when addressed to a judge, federal law-enforcement officer, or an official covered by § 1114; thus each count is a Class C felony under § 3559(a)(3), and supervised release up to three years under § 3583(b)(2).

**D. Special Assessments.**

Under 18 U.S.C. § 3013(a)(2)(A), the Court must impose the $100 felony special assessment per count. PSR at ¶75.

## II. Application of the Section 3553(a) Factors

**A. Parsimony Principle & Individualized Assessment.**

The governing command is that the Court impose a sentence "sufficient, but not greater than necessary" to achieve the statutory purposes. Post-Booker, the First Circuit directs district courts to calculate the Guidelines, consider departures/variances, and then make an individualized assessment under § 3553(a). The government's recommendation accounts for the factors that the Court must consider outlined in § 3553(a). Those factors include, but are not limited to, the nature and circumstances of the offenses; history and characteristics of the defendant; the seriousness of the offenses; promoting respect for the law; providing just punishment; the need for specific and general deterrence; the need to protect the public from the defendant's crimes; to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities.

**B. § 3553(a)(1): Nature & Circumstances; History & Characteristics.**

Nature & circumstances. The government urges the Court to consider the nature and circumstances of the offenses, to recognize the seriousness of MELYCHER's crimes, and to asset the rimes for what they are, as well as for the negative impact it has had on the victim and on the judicial system. The case involves multiple mailed threats by MELYCHER from custody to a federal court employee—conduct that directly undermines the safety and integrity of the judiciary. The First Circuit has affirmed the seriousness of mailing threatening communications (§ 876(c)) and the "true threats" element where a rational jury could find the speaker knew how the target would perceive the threats.

History & characteristics. The PSR reflects CHC III (six points), a significant criminal history with prior threatening-communication conduct and sex-offense history. PSR at ¶¶ 33-34, 65. While the PSR notes ADHD, depressive and personality disorders, and substance-use disorders, the First Circuit permits courts to balance mitigation against public-safety concerns and recidivism risk under § 3553(a). PSR at ¶¶ 50-56.

**C. § 3553(a)(2)(A): Seriousness; Respect for Law; Just Punishment**

Threats directed at federal court personnel warrant strong censure. The First Circuit recognizes that sentences must reflect the seriousness of offenses that target the judiciary and promote respect for the law, including variant or within-range sentences where the court explains a plausible rationale. The facts of this case are serious and warrant a guidelines sentence.

**D. § 3553(a)(2)(B): Deterrence.**

Specific deterrence. Offenses committed while incarcerated despite prior sentences indicate resistance to rehabilitation and heighten the need for deterrence; the First Circuit defers to district-court weighing of recidivism and deterrence.

General deterrence. Protecting the judiciary, and all employees of the judiciary, from threatening communications is integral to judicial independence.

**E. § 3553(a)(2)(C): Protection of the Public.**

A sustained pattern of violent threats—made from custody and directed at judicial actors—supports a finding that the public and court personnel require protection through a meaningful term of imprisonment. The First Circuit affirms sentences that prioritize public protection when the record supports continuing risk.

**F. § 3553(a)(2)(D): Treatment & Programming.**

The Court can address mental-health and substance-use needs through BOP programming and supervised-release conditions without compromising deterrence or public safety; individualized assessment includes offender characteristics and treatment needs.

**G. § 3553(a)(6): Avoidance of Unwarranted Disparities/JSIN Data.**

A within-Guidelines sentence at 30–37 months avoids unwarranted disparity and aligns with the First Circuit's review for substantive reasonableness (plausible rationale + defensible result). If the Court considers an upward variance, it should articulate case-specific reasons that this conduct falls outside the mine-run—e.g., repeated threats from custody to judicial actors—and explain heightened weight under deterrence and public protection. The Judiciary Sentencing Information ("JSIN") outlined in the PSR reflects that there were 14 defendant's whose primary guideline was 2A6.1, with a TOL of 17 and CHC III. For the 14 defendants who received a sentence of imprisonment in whole or in part, the average length of imprisonment was 29 months, and the median length was 30 months. PSR ¶ 81. However, the JSIN data does not indicate whether any of those defendants were serving an unrelated federal sentence at the time of sentencing. Here, MELYCHER is serving lengthy, unrelated federal sentences. Although the

government is recommending a sentence close to the high end of the advisory GSR, which is above both the average and median sentences outlined in the JSIN data, its recommendation is for a concurrent sentence.

## CONCLUSION

For all of the foregoing reasons, the government respectfully recommends that this Court impose a sentence of 36 months imprisonment, to be served concurrently with the sentences imposed in the District of Maine dockets, 2:21-CR-169-JAW and 2:22-CR-00119-PJB, on each count, to run concurrently, followed by three years of supervised release with special conditions for mental-health and substance-use treatment. Such a sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offense and the goals of sentencing.

Respectfully Submitted,

LEAH B. FOLEY
United States Attorney

Date: October 20, 2026,

By: /s/ *Luke A. Goldworm*
Luke A. Goldworm
Suzanne Sullivan Jacobus
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I, Luke A. Goldworm, hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participant as identified on the Notice of Electronic filing:

Date: October 20, 2026

By: /s/ *Luke A. Goldworm*
Luke A. Goldworm
Suzanne Sullivan Jacobus
Assistant United States Attorneys